## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-cv-22942-GRAHAM

| | |
|---|---|
| TRACFONE WIRELESS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES H. BILLINGTON, LIBRARIAN OF | ) |
| CONGRESS and MARYBETH PETERS, | ) |
| REGISTER OF COPYRIGHTS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### JOINT STATUS REPORT

Pursuant to the Court's Order entered February 16, 2007, the parties jointly file this status report.

1.    Statement of the Nature of the Claim:

Plaintiff, TracFone Wireless, Inc. ("TracFone"), the nation's largest provider of prepaid wireless telephone service, challenges a rule (the "Exemption") adopted by the Librarian of Congress ("Librarian") upon recommendation of the Register of Copyrights ("Register") under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq.* (the "Act").

TracFone asserts three bases for challenging the Exemption. First, TracFone alleges that the Defendants violated the notice provisions of the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.*, ("APA") and TracFone's rights to due process under the Constitution by failing to provide sufficient notice of the specific proposed Exemption. Second, TracFone asserts that Defendants arbitrarily and capriciously refused to consider TracFone's late filed comments,

because the Register solicited additional information from the hearing witnesses, including the proponents of the Exemption, and accepted that information on the same day that TracFone's comments were submitted.  Finally, TracFone alleges that the Act's exemption scheme violates the Constitution's requirements of separation of powers because it requires Defendants to either improperly exercise executive power or to improperly exercise legislative power without bicameral passage and presentment to the President.   TracFone seeks injunctive and declaratory relief.

2.      <u>Uncontested Facts</u>:

The parties can stipulate to the following facts, which are reflected in the administrative record from the rulemaking proceedings:

The Act, which prohibits circumvention of technological measures that control access to copyrighted works, contains an exemption for users who are or are likely to be adversely affected in their ability to engage in non-infringing uses. 17 U.S.C. § 1201 (a)(1)(B).   The Librarian is directed, upon the recommendation of the Register, to make a determination in rulemaking proceedings every three years of the classes of works to be exempted from the Act's prohibition under that provision.   17 U.S.C. § 1201(a)(1)(C).   In October 2005, the Copyright Office commenced the third exemption proceedings under the Act with the publication of a Notice of Inquiry in the Federal Register on October 3, 2005 (Volume 70, Number 190), Pages 57526-57531. The Notice of Inquiry did not set out the specific terms of any proposed exemptions, or identify the specific classes of works to be exempted, but it set out the legal basis for the rulemaking, described the purpose of the rulemaking, solicited written comments that themselves would propose exemptions, and described the standards that would be used to determine whether

a particular exemption was warranted. *Id.* Initial comments were due by December 1, 2005, and reply comments were due by February 2, 2006. *Id.* The notice advised that the initial comments and reply comments would be posted on the Copyright Office Web site. The notice further advised that the Copyright Office would consider petitions for acceptance of new information submitted after the stated deadlines, and would determine whether to grant such petitions based on "the stage of the rulemaking process at which the request is made and the merits of the petition."

Initial comments submitted by the Wireless Alliance and Robert Pinkerton proposed an exemption from the Act for the class of works comprised of "[c]omputer programs that operate wireless telecommunications handsets (Mobile firmware)." In reply comments submitted in early February 2006, the same proponents made reference to *TracFone Wireless, Inc. v. Sol Wireless, et al.*, 05-CV-23279 (S.D. Fla), a case filed by TracFone seeking to enjoin the unlocking of cellular telephones based upon several provisions of law, including the Act. Other parties also submitted reply comments in support of and in opposition to the exemption. None of these comments was published in the Federal Register. However, notice was published in the Federal Register indicating that the comments were posted on the Copyright Office Web site, and they were in fact posted on the website of the Copyright Office.

After the period for written comments closed, the Copyright Office conducted hearings on the proposed Exemption and other exemptions on March 23 and 24, 2006 at Stanford University, where the proponents' lawyer is an instructor. The remaining hearings on proposed exemptions were conducted at the Library of Congress in Washington, DC. The Notice of Public Hearing published by Defendants in the Federal Register did not provide information about which potential exemptions would be considered at any of the hearings. The notice indicated that 74 comments and 35 reply comments had been received and had been posted on

the Copyright Office website.  *Id.*  The notice further specified procedures for submitting a request to testify at the hearings and noted that the Copyright Office would post an agenda for the hearings on the Copyright Office Web site. Attorneys representing proponents and opponents of the exemption submitted requests to testify at the hearings. TracFone did not submit a request to testify at the hearings.

At the public hearing at Stanford University on March 23, the proposed Exemption for wireless handset computer programs was debated.  Among the matters discussed was the case of *TracFone Wireless, Inc. v. Sol Wireless*.  The proponents of the Exemption cited that case as proof that harm was being caused by the enforcement of the anti-circumvention rule.  Copyright Office representatives asked the witnesses whether TracFone's business model might be advantageous to consumers, and whether the proposed exemption might in fact harm consumers. The proponent's lawyer responded that an exemption would not harm TracFone because TracFone had other remedies available to stop unlawful activity.

During the hearings, the Copyright Office asked the witnesses whether the proposed Exemption could be narrowed from its original broad form to focus more specifically on the activity the proponents sought to exempt:  "Computer programs in the form of firmware that enable wireless telecommunications' handsets to connect to a wireless communication network." The proponents agreed with the proposed reformulation, and the opponents agreed, with an additional modification.

After the hearing, on August 14, 2006, Copyright Office General Counsel David O. Carson sent a letter requesting additional information from the two witnesses who testified at the hearing.  The letter requested information regarding "whether software locks described in the comments and testimony of the Wireless Alliance are technological measures that effectively control access to works protected under [17 U.S.C. §1201(a)(3)(B)]."  The request sought

specific information concerning, among other things, how the different types of locking systems worked, and what copyrighted works were protected by the locking systems.  The request stated, "the record . . . is rather thin and we require more detailed information in order to complete our evaluation."  The letter stated that the Register would be "grateful" if responses were submitted promptly and in any event no later than August 28, 2006. The witnesses requested and were granted permission to file their responses on September 11, 2006.

On September 11, 2006, TracFone submitted a Petition for Consideration and Entry of Reply Comments (the "Petition") in opposition to the Exemption.  TracFone's Petition was in substantial compliance with the process allowing for submissions after the specified deadlines, which provided that an interested party would have an opportunity to petition the Register for consideration of new information after the deadlines.   The CTIA also filed a proposed submission at that same time.

Part III of TracFone's submission comprised its petition for consideration of late-filed comments. TracFone's Petition stated that TracFone was not aware of the proposed rulemaking or the proposed exemption until August 2006, when it received an e-mail from the CTIA.  The Petition also expressly stated that "[b]efore the [August 2006] CTIA email, TracFone was unaware of the proposed exemption made by the Wireless Alliance."  Part IV of TracFone's petition set forth TracFone's substantive comments on the Exemption, including TracFone's arguments intended to demonstrate why the Exemption was not needed and would potentially harm consumers.

On October 31, 2006, the Acting Assistant Secretary of Commerce for Communications and Information ("Assistant Secretary"), urged the Register to consider TracFone's and CTIA's submissions in making her recommendation, because their comments would "afford [the Register] a complete record in which the views of both users and creators of content are currently

represented," and without these submissions the record was incomplete. The DMCA requires the Register to consult with the Assistant Secretary before making a recommendation to the Librarian.

On November 17, 2006, Register of Copyrights Marybeth Peters delivered her recommendation to the Librarian of Congress, recommending that the Librarian deny TracFone's petition for late consideration of its objections. The Register went on to recommend that the Librarian promulgate the following exemption:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

Subsequently, the Librarian of Congress, on the recommendation of the Register, issued its Final Rule, reflecting the reformulated proposed Exemption recommended by the Register. The Exemption went into effect immediately upon publication in the Federal Register on November 27, 2006, and is scheduled to remain in effect through October 27, 2009. Final Rule at 1.

3.    Summary of Issues:

The principal issues in this case include:

A.    Whether Tracfone has standing to bring the claims asserted in its complaint and whether TracFone's complaint presents a controversy within this Court's constitutional and statutory jurisdiction;

B.    Whether the actions of the Librarian of Congress and the Register of

Copyrights in the rulemaking are subject to review under the Administrative Procedure Act, and if they are, whether the rulemaking proceedings violated the APA's notice requirements, or were arbitrary or capricious;

C.      Whether the rulemaking proceedings violated TracFone's rights under the Due Process Clause of the Constitution;

D.      Whether the Act's procedures for enacting exemptions violates the separation of powers requirements of the Constitution.

Because the defendants' motion to dismiss remains pending before the Court, the defendants have not yet been required to file an answer in this case. See Fed. R. Civ. P. 12(a)(4). If the defendants are required to file an answer, additional issues may arise at that time.

4.      Pending Motions:

A.      Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. This motion seeks dismissal for lack of subject matter jurisdiction or for failure to state a claim or, in the alternative, summary judgment in favor of the defendants. Briefing was completed on March 5, 2007.

B.      TracFone intends to file a motion for summary judgment prior to the status conference set for March 28, 2007.

5.      Discovery / Readiness For Trial:

The parties agree that, because the principal claim in the case involves a challenge to a rulemaking proceeding, the Court's review is generally limited to the administrative record from that proceeding, although the Court may grant limited discovery upon a showing of bad faith, or

if the administrative record is incomplete or insufficient to permit the Court to make an informed decision.  TracFone reserves its right to seek limited discovery, and believes there is sufficient basis for doing so.  The defendants believe that the plaintiff has not made such a showing.

6.    <u>Trial</u>:

The parties agree that, because the principal claim in the case involves a challenge to a rulemaking proceeding, the Court's review is limited to the administrative record from that proceeding and that the case will probably be resolved through dispositive motions..  Should a trial be necessary, it should not take more than 1-2 days.

7.    <u>Unique Legal or Factual Aspects of the Case</u>:

The factual and legal issues will be fully set forth in the parties' dispositive motions and responses thereto.

8.    <u>Settlement Status</u>:

The defendants are willing to entertain settlement proposals, but believe that settlement is unlikely.  TracFone believes settlement is possible, and intends to seek formal mediation of the case.

9.    <u>Magistrate Judge Election</u>:

The parties agree to final disposition by the Magistrate Judge of pretrial motions as indicated on the attached election form.

Respectfully submitted this 16th day of March, 2007,

Steven J. Brodie
Florida Bar No. 333069
John A. Camp
Florida Bar No. 848115
CARLTON FIELDS, P.A.
Bank of America Tower at International Place
100 Southeast Second Street
Suite 4000
Miami, FL 33131
Telephone: 305 530-0050
Facsimile: 305 530-0055
E-Mail: sbrodie@carltonfields.com
jcamp@carltonfields.com

and

James B. Baldinger
Florida Bar No. 869899
CARLTON FIELDS, P.A.
222 Lakeview Avenue
Suite 1400
West Palm Beach, FL 33401
Telephone:  561 659-7070
Facsimile:  561-659-7368
E-Mail: jbaldinger@carltonfields.com

*Attorneys for Plaintiff*

James C. Luh
Trial Attorney

Peter D. Keisler
Assistant Attorney General

R. Alexander Acosta
United States Attorney

Theodore C. Hirt
Assistant Branch Director

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
e-mail: James.Luh@usdoj.gov

*Attorneys for Defendants*

- 9 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO. 06-22942-CIV-GRAHAM/O'SULLIVAN

TRACFONE WIRELESS, INC.,

     Plaintiff,

vs.

JAMES H. BILLINGTON, Librarian
of Congress, and MARYBETH
PETERS, Register of Copyrights,

     Defendants.
_____/

## ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

     In accordance with the provisions of Title 28, U.S.C. §
636(c), the undersigned party or parties to the above-captioned
civil matter hereby voluntarily elect to have a United States
Magistrate Judge decide the following motions and issue a final
order or judgment with respect thereto:

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | Motions to Dismiss | | Yes | _____ | No | ✓ |
| 2. | Motions for Summary Judgment | | Yes | _____ | No | ✓ |
| 3. | All Pretrial Motions | | Yes | ✓ | No | _____ |
| 4. | Other | | Yes | _____ | (not applicable) No | _____ |

3/16/2007
(Date)

3-16-07
(Date)

_____
(Date)

(Signature) Counsel for Defendants

(Signature) Counsel for PLAINTIFF

(Signature) Counsel for