IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-cv-22942-GRAHAM/O'SULLIVAN

| | |
|---|---|
| TRACFONE WIRELESS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES H. BILLINGTON, LIBRARIAN OF | ) |
| CONGRESS ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS SUMMARY JUDGMENT MOTION**

**A.    TracFone has Standing to Pursue its Claims.**

Defendants now suggest the Exemption may not apply to unlockers such as those TracFone has obtained injunctions against under the DMCA. See Defendants' memorandum, D.E. 46 ("D. Mem."), 4. Defendants never say, however, that the Exemption does not apply in that context. Hence, the "potential" harm to TracFone's ability to pursue hackers remains very real, and that is all that is required. See TracFone's initial memorandum, D.E. 30 ("In. Mem."), 17.

Defendants cite Calderon v. Ashmus, 523 U.S. 740 (1998), but that case did not involve a procedural injury, as here. They also cite Spencer v. Kemna, 523 U.S. 1 (1998), where it was speculative whether any violation of law would occur in the future. TracFone has provided evidence of continuing

circumvention of its software locks, and TracFone's pursuit of those hackers is real and ongoing.

Moreover, TracFone's injury is redressable because this Court has the power to order Defendants to comply with the APA and due process.  Unlike Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004), TracFone is not dictating the content of a rule to be promulgated - it merely seeks compliance with the procedural requirements for promulgating a rule.  Defendants concede that, under the APA, a remand to an agency  for further proceedings may include vacation of the offending rule.  D. Mem. 15-16.  Defendants can adopt a new rule, after complying with the procedural requirements.

Asserting that events occurring after suit is filed cannot create standing, Defendants ask the Court to ignore the reliance upon the Exemption by hackers.  Id. at 5.  TracFone's argument, however, is not that this creates standing.  Instead, this simply confirms that 1) violations of TracFone's rights continue, and 2) the Exemption threatens TracFone's ability to prevent such violations.

Significantly, the very case cited by Defendants, Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989), in fact upheld jurisdiction based on a post-filing dismissal of a non-diverse party.  The Court held that it would entail "needless waste and runs counter to effective judicial administration" to

require the plaintiff to re-file its suit.  Id. at 833.  The
same is true here.

Defendants next argue that TracFone must point to an
express statutory authorization for its suit.  The APA provides
such statutory authorization here.  In all events, while the
cases cited by Defendants involved claimed interests based on
statutory provisions, they do not hold that a plaintiff with an
otherwise sufficiently concrete interest -- such as TracFone has
under the DMCA -- cannot establish standing under due process.

Defendants argue that even if TracFone's injury falls
within the protection of the DMCA, that statute was not
"designed" to protect TracFone's interests.  That is a
distinction without a difference.  And, the legislative history
shows the DMCA was "designed" to protect against circumvention
of electronic protections, regardless whether the circumvention
involved an infringement.  Thus, it was intended to protect
interests of exactly the type Tracfone asserts in its suits
against hackers.

Finally, Defendants incorrectly argue that the procedural
injury cases relax only the requirement that the plaintiff
demonstrate what the result of a properly-conducted agency
proceeding would be, and still require the plaintiff to
establish a causal connection between the ultimate result of the
proceeding and its injury.  TracFone need not show that a new

3

rule would actually prevent harm to its interests, only that

this "could" prevent such harm.   In. Mem. 17-18.

**B.    TracFone's Complaint States Claims for Relief.**

**1.    The APA applies to Defendants' Actions.**

Defendants argue, under Kissinger v. Reporters Comm. for

the Freedom of the Press, 445 U.S. 136 (1980), that the

Librarian is not an "agency" for purposes of the APA.  Although

conceding that is dictum, Defendants argue it was one of the

"premises" of the decision.  TracFone agrees that this dictum

should not simply be ignored, but it must be examined carefully

to determine how much weight to give it.

The Court's statement in Kissinger was based on the

concession below that the Librarian was not an agency under

FOIA.  In view of that concession, the point was simply assumed,

without analysis, and the Court's passing reference should be

taken in that light. See Joplin Mercantile Co. v. United States,

236 U.S. 531, 539 (1915) (point was not foreclosed by prior

Supreme Court precedent that merely assumed point arguendo,

based on party's concession); United States v. Crawley, 837 F.2d

291, 293 (7th Cir. 1988) (statements as to issues conceded by

parties have not been "refined by the fires" of adversary

process and need not be followed by lower courts).

In fact, under the principles of statutory construction

enunciated in Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)

4

(en banc), the Librarian is not covered by the APA exemption for "the Congress."  Under our constitution, the "Congress" means the Senate and the House.  Defendants never respond to this point.

Defendants admit that the APA applies to the Register[1], but argue that only the Librarian's action had legal consequences, and only those actions are reviewable.  In practice, the Librarian universally accepts the Register's recommendations, a fact Defendants ignore.  Moreover, because TracFone's principal quarrel is with the procedures used by the Register in conducting the rulemaking proceedings, those proceedings should not be shielded from review.

Finally, Defendants rely on Nat'l Ass'n of Broadcasters v. Librarian of Cong., 146 F.3d 907 (D.C. Cir. 1998), where the APA's arbitrary and capricious standard was not applied to the Librarian under a particular statute that had expressly removed references to the APA and adopted a different standard of review.  The DMCA is silent on how review of the Defendants' actions is to be conducted.  And, there is nothing in the DMCA

---

[1] Defendants argue that the 1976 amendment of the Copyright Act expressly subjecting the Register to the APA would have been unnecessary had the Librarian already been within the APA's scope.  But Congress may simply have intended to make clear that the subsidiary agency is also governed by the APA.  See United States v. Sepulveda, 115 F.3d 882, 885 n.5 (11th Cir. 1997) (Congressional amendment may be intended to clarify existing law or correct misinterpretation).

or legislative history suggesting that Congress intended to
eliminate judicial review by vesting rulemaking authority in the
Librarian.

### 2.   Defendants' Actions Violated the APA.

Defendants' attempts to come within the APA's notice
requirements are unavailing.  As explained in Lloyd Noland Hosp.
and Clinic v. Heckler, 762 F.2d 1561 (11th Cir. 1985), the
purpose of notice is to disclose the data relied on and the
thinking of the agency.  Although Defendants argue that the
notice need only afford "interested parties a reasonable
opportunity to participate in the rulemaking process," that is
accomplished by disclosing the agency's thinking.  A notice that
does not set forth a rule, its general substance, or the
agency's thinking does not provided constructive notice.

Defendants' argument that government agencies must be able
to set deadlines ignores that they must be enforced even-
handedly.  Defendants offered no cogent reason at the time for
allowing comments from proponents, while dismissing TracFone's
comments filed the same day.  See generally Plaintiff's Response
to Defendants' Motion to Dismiss, D.E. 20, 17-19; Plaintiff's
Notice of Filing Timeline, D.E. 43.

Defendants argue that the proponents were in a different
position from TracFone because their positions were already
known.  But Defendants were asking the proponents for, and

6

accepted, <u>additional</u> information, different from that already placed in the "thin" record by the proponents.  Defendants did not already know what that "additional" information would disclose.

Finally, the other parties were given an opportunity to respond to TracFone's <u>and did so</u>.  Defendants' statement that the Register ultimately "rejected" the proponents' response to TracFone's comments incorrectly implies those submissions were "rejected" in the same way TracFone's comments were.  The Register invited the proponents to submit further papers in response to TracFone's petition, and they did so.  The Register only disallowed that response <u>after</u> the Register's decision to reject TracFone's submission.  And, she <u>never</u> disallowed the "additional" out-of-time comments submitted earlier by the proponents.

**3.    This Court Should Vacate the Exemption.**

Pointing to <u>Sugar Cane Growers Cooperative of Fla. v. Veneman</u>, 289 F.3d 89 (D.C. Cir. 2002), Defendants argue that the Exemption should be allowed to stand pending any further rule-making proceedings. They contend that the Librarian's decision was based on a thorough review of the record.  However, Defendants did not have the benefit of input from the very party the Exemption was aimed at, and instead acted on a "thin" record.

7

Defendants also claim that vacating the Exemption would disrupt consumers seeking to unlock cellphones to connect to different networks.  But some cell phone providers allow unlocking, and unlocked cell phones are available for purchase by consumers.  R.387-88.  Even if the Exemption were repealed, consumers will have access to unlocked cell phones.

### 4.    TracFone has stated a Claim for Defendants' Violation of Due Process.

Citing Bi-Metallic Investment Co. v. State Board of Equalization, 239 U.S. 441 (1915) and Minn. State Board for Community Colleges v. Minn. Community College Faculty Ass'n, 465 U.S. 271 (1984), Defendants argue TracFone has no due process claim. Neither case applies here.  In Bi-Metallic, a landowner challenged an order increasing all property valuations in the city of Denver by 40%. 239 U.S. at 443-44.  The Court distinguished situations in which a "relatively small number of persons was concerned, who were exceptionally affected."  Id. at 446. That is this case.

Minn. State Board involved a challenge brought by teachers in the state community college system to a statute requiring them to make their views known to their employer only through certain representatives. The Court rejected this challenge, stating that the Constitution "does not grant to members of the public generally a right to be heard by public bodies making

8

decisions of policy." 465 U.S. at 283-85.  Here, there was a rulemaking proceeding that was intended to provide input.  Yet, TracFone was deprived of the opportunity to participate, even though its business model was uniquely affected, unlike the general public.  Further, unlike the agencies in Bi-Metallic and Minn. State Board, which were at least subject to popular control via the voting process, if Defendants' arguments are accepted, they are subject to no restraint whatever, whether by Congress, the executive, or the courts.

**5. The Rulemaking Proceeding Violates Separation of Powers.**

Defendants posit an agency that is not in the Executive Branch, yet is not subject to control by the Congress.  Even the courts, under Defendants' position, are powerless to review their actions, because the Librarian -- although not subject to Congressional control -- nonetheless comes within the APA's exemption of "the Congress" from the scope of the APA.  This effort to avoid separation of powers constraints and at the same time avoid the APA's constraints would allow the Librarian to become an autonomous, fourth branch of government.  Neither "the Congress" nor the Constitution contemplates such a result.  The Librarian is not "the Congress," and it is subject to the APA.

**C.    No Discovery is Required.**

Defendants finally argue that disputed issues of fact remain on which they require discovery.  But Defendants made no

9

finding below that TracFone had actual knowledge of their

rulemaking proceeding, and have insisted that this case should

be decided on the administrative record below.  They expressly

told the Court in the parties' Joint Status Report (D.E. 27),

and in their reply brief in support of their own motion to

dismiss (D.E. 26, 9-10) that discovery was inappropriate here.

It is.


James B. Baldinger                      /s/ Steven J. Brodie
Florida Bar No. 869899                  Sylvia H. Walbolt
CARLTON FIELDS, P.A.                    Florida Bar No. 033604
222 Lakeview Avenue                     Steven J. Brodie
Suite 1400                              Florida Bar No. 333069
West Palm Beach, FL 33401               John A. Camp
Telephone:  561 659-7070                Florida Bar No. 848115
Facsimile:  561-659-7368                CARLTON FIELDS, P.A.
E-Mail:                                 Bank of America Tower at
jbaldinger@carltonfields.com            International Place
                                        100 Southeast Second Street
                                        Suite 4000
                                        Miami, FL  33131
                                        Telephone: 305 530-0050
                                        Facsimile: 305 530-0055
                                        E-Mail:
                                        swalbolt@carltonfields.com
                                        sbrodie@carltonfields.com
                                        jcamp@carltonfields.com

               Counsel for Plaintiff TracFone Wireless, Inc.


### CERTIFICATE OF SERVICE

     I hereby certify that on May 8, 2007, I electronically

filed the foregoing with the Clerk of the Court by using the

CM/ECF system which will send a notice of electronic filing to

James C. Luh, Trial Attorney, United States Department of

Justice, Civil Division, Federal Programs Branch

20 Massachusetts Ave. NW  Washington, DC  20530.

                              /s/ Steven J. Brodie_____
                              Steven J. Brodie
                              Attorney