IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-cv-22942-GRAHAM/O'SULLIVAN

TRACFONE WIRELESS, INC.            )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )
                                   )
JAMES H. BILLINGTON, LIBRARIAN OF  )
CONGRESS ET AL.,                   )
                                   )
    Defendants.                    )
                                   )

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff TracFone Wireless, Inc. ("TracFone") moves the Court pursuant to Federal Rule of Civil Procedure 41(a)(2) to enter an order dismissing this action without prejudice. This motion is necessary because a motion for summary judgment is pending and Defendants have refused to stipulate to a voluntary dismissal without prejudice. See Fed.R.Civ.P. 41(a)(1).

At least three different federal Judges have recently entered permanent injunctions holding that the Exemption at issue in this case does not absolve criminals from liability under the DMCA for unlocking wireless phones in order to resell them for profit. Because of TracFone's current success in enforcing its rights against unlockers notwithstanding the existence of the Exemption, it believes it is unnecessary for this Court to expend further judicial resources at this time to

confirm the impropriety of the manner in which the Exemption was enacted. Therefore, TracFone respectfully requests that the Court dismiss this case without prejudice. The grounds for this motion are set forth in the memorandum of law below.

## MEMORANDUM OF LAW

### Background

TracFone filed this action in December 2006 challenging a rule published by the Librarian of Congress. That rule (the "Exemption") provided an exception to the Digital Millennium Copyright Act's ("DMCA") prohibition on circumventing technological measures controlling access to copyrighted works. TracFone had successfully brought lawsuits and obtained injunctions based on the DMCA and other grounds against individuals and businesses who were circumventing the software locks on cellular phones sold by TracFone. The Exemption, adopted without proper notice, threatened TracFone's rights under the DMCA against unlockers.

In response, the Defendants, the Librarian of Congress and Register of Copyrights, filed a motion to dismiss or in the alternative for summary judgment, arguing principally that TracFone lacked standing to bring its claims against these Defendants. Defendants also argued that the complaint failed to state a claim on which relief could be granted. They also

argued briefly in the alternative for summary judgment, based on the same legal grounds.

TracFone timely responded to Defendants' motion, and filed its own motion seeking summary judgment, to which Defendants in turn have responded. Defendants have recently supplemented their opposing papers with a brief memorandum pointing to two recent injunction orders obtained by TracFone against unlockers in the Iser and Lalany cases. Defendants did not file the injunction orders themselves, but they are attached hereto as Exhibits A and B.

Defendants' supplement was plainly intended to suggest, incorrectly, that there is no live controversy for this Court to decide. To the contrary, unlocking has continued after the Exemption was enacted, and TracFone vigorously pursues litigation to stop such conduct. While these particular suits have been resolved, it remains to be seen whether other suits will be resolved with the same relief.

TracFone believes, however, that in light of the successful resolution of recent suits against unlockers, it is in the interest of judicial economy for TracFone to dismiss its lawsuit against the Defendants, without prejudice to filing suit again should facts develop in the future suggesting that the Exemption has been or may be construed to eliminate TracFone's rights under the DMCA.

TracFone has requested that Defendants stipulate to a voluntary dismissal without prejudice, but Defendants have refused. Accordingly, TracFone was compelled to file this motion.

### Argument

Because Defendants have filed a motion to dismiss or for summary judgment, a voluntary dismissal may be obtained only by motion and order of the court upon such terms and conditions as the court deems proper. Fed.R.Civ.P. 41(a)(1) & (2). Whether to grant a motion for voluntary dismissal without prejudice is committed to the sound discretion of the Court. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). Dismissal should be granted unless the defendant will suffer "'clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result.'" Id. (emphasis in original) (quoting McCants v. Ford Motor Co., 781 F.2d 855, 856-57 (11th Cir. 1986)); see also Durham v. Fla. East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967) (same). In granting dismissal without prejudice, the Court's focus should be on whether the defendant would lose any substantial legal right as a result of the dismissal. Pontenberg, 252 F.3d at 1256.

In this case, Defendants will lose no substantial legal right as a result of voluntary dismissal of this case without

prejudice, and this Court should exercise its discretion to grant TracFone's motion, for a number of reasons.

First, this litigation is in its early stages, having been filed in December 2006. No trial date has been set. As of now, no discovery has been propounded by either party, although Defendants have recently suggested for the first time that they might seek discovery if their motion to dismiss is not granted.

Second, while briefing on the parties' respective dispositive motions is now complete, allowing a voluntary dismissal prior to a decision by the Court would conserve judicial resources involved in reaching a decision and crafting an order on the admittedly complicated legal and constitutional questions presented by the parties' motions. A dismissal by the Court based on Defendants' threshold standing argument would be a dismissal without prejudice in any event.

Third, while the risk of being involved in another lawsuit at some point in the future does not constitute legal prejudice, if any such future lawsuit were to be filed, Defendants would undoubtedly raise the same legal arguments they have raised here, and could make use of the work product prepared in this litigation. See, e.g., Wimber v. Dep't of Social and Rehab. Services, 156 F.R.D. 259 (D. Kan. 1994) (granting voluntary dismissal without prejudice where, inter alia, in the event of

subsequent lawsuit, defendants could make use of work product prepared in first action).

Fourth, TracFone has acted in good faith and its complaint raised substantial issues of law, as evidenced by the extensive briefing filed by the parties. TracFone has not engaged in any dilatory conduct in the prosecution of this case, nor in bringing this motion seeking voluntary dismissal. See Pontenberg, 252 F.3d at 1257-59 (affirming order granting Rule 41(a)(2) motion where district court found plaintiff had not acted in bad faith or engaged in dilatory tactics).

Fifth, as stated above, from TracFone's perspective, circumstances have changed since the advent of the lawsuit. A number of suits have been resolved by entry of orders against unlockers, notwithstanding the existence of the Exemption. Given TracFone's success in those suits, there is no need to expend further judicial resources to confirm the impropriety of the manner in which the Exemption was enacted. See Wimber, supra (granting voluntary dismissal appropriate where changed circumstances rendered relief sought in lawsuit superfluous).

Finally, we note there is some authority from other jurisdictions holding that where a 12(b)(1) motion to dismiss for lack of jurisdiction is pending, the Court should determine that motion before considering a motion for voluntary dismissal under Rule 41(a)(1). See Shortt v. Richlands Mall Associates,

6

Inc., 922 F.2d 836 (4th Cir. 1990) (unpublished opinion available on Westlaw at 1990 WL 207354). This non-controlling authority, however, fails to take into account the fact that a dismissal without prejudice under Rule 41(a)(2) does not reach the merits of the controversy any more than does a 12(b)(1) dismissal.

TracFone submits the better view is that the Court is free to rule on TracFone's motion. See Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 764-65 (8th Cir. 2001) (court may choose among threshold grounds for declining to hear case on the merits) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999)); Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 n.9 (1st Cir. 1991) (district court properly considered motion for voluntary dismissal without first determining whether it had jurisdiction).

Indeed, we submit the Fourth Circuit's decision in Shortt and the earlier decisions that court relied upon on are no longer good law in light of the Supreme Court's subsequent decision in Ruhrgas. In that case, the Court held that a district court may dismiss on non-merits grounds (in Ruhrgas, personal jurisdiction) before finding subject matter jurisdiction. 526 U.S. at 85 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."); see also Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp., 127 S. Ct. 1184, 1191-93 (2007)

7

(determination as to subject matter jurisdiction is vital only if court proposes to issue a judgment on the merits).

In fact, a decision by this Court to dismiss on the simple ground raised by TracFone's Rule 41(a)(2) motion, rather than the complex jurisdictional grounds raised by Defendants, is perfectly appropriate and serves the interests of judicial economy. See Ruhrgas, 526 U.S. at 588 ("Where, as here . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction").

### Conclusion

For all the foregoing reasons, TracFone's motion for voluntary dismissal without prejudice should be granted.

### Certificate of Conference

Counsel for TracFone has contacted counsel for Defendants in a good faith effort to resolve by agreement the issues raised in this motion, but the parties were unable to reach agreement.

| | |
|---|---|
| James B. Baldinger<br>Florida Bar No. 869899<br>CARLTON FIELDS, P.A.<br>222 Lakeview Avenue<br>Suite 1400<br>West Palm Beach, FL 33401<br>Telephone: 561 659-7070<br>Facsimile: 561-659-7368<br>E-Mail:<br>jbaldinger@carltonfields.com | /s/ Steven J. Brodie<br>Sylvia H. Walbolt<br>Florida Bar No. 033604<br>Steven J. Brodie<br>Florida Bar No. 333069<br>John A. Camp<br>Florida Bar No. 848115<br>CARLTON FIELDS, P.A.<br>Bank of America Tower at<br>International Place<br>100 Southeast Second Street<br>Suite 4000<br>Miami, FL 33131<br>Telephone: 305 530-0050<br>Facsimile: 305 530-0055<br>E-Mail:<br>swalbolt@carltonfields.com<br>sbrodie@carltonfields.com<br>jcamp@carltonfields.com |

Counsel for Plaintiff TracFone Wireless, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May _, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James C. Luh, Trial Attorney, United States Department of Justice, Civil Division, Federal Programs Branch 20 Massachusetts Ave. NW Washington, DC 20530.

/s/ Steven J. Brodie
Steven J. Brodie
Attorney